DCI MARKETING, INC., Plaintiff,

v.

JUSTRITE MANUFACTURING COMPANY, Defendant.

No. 01–C–0992.

United States District Court, E.D. Wisconsin.

July 3, 2002.

Walter E. Zimmerman, M. Reed Stahelt, Milwaukee, WI, for plaintiff.

Eley O. Thompson, Gregory Bays, Chicago, IL, Robert Gegios, Milwaukee, WI, for defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff DCI Marketing, Inc. ("DCI") brings this patent infringement action alleging that a cigarette receptacle manufactured by defendant Justrite Manufacturing Company ("Justrite") infringes on a patent owned by plaintiff ("the '355 patent"). Justrite asserts five counterclaims against DCI, four of which arise out of letters sent by DCI to Justrite's customers. Justrite alleges that statements in the letters were false and misleading and that DCI, therefore, violated § 43(a) of the Lanham Act, 15 U.S.C. § 11 25(a), and Illinois tort law prohibitions on trade disparagement, tortious interference with contract and unfair competition. Justrite's fifth counterclaim seeks a declaration of non-infringement and of the invalidity of the '355 patent. Before me now is DCI's motion for partial judgment on the pleadings directed at the first four of Justrite's counterclaims.

■ Fed.R.Civ.P. 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998). I may grant DCI's Rule 12(c) motion only if it appears beyond any doubt that Justrite cannot prove any facts that would support his claim for relief. Thus, to succeed, DCI must demonstrate that there are no material issues of fact to be resolved. Further,

all facts must be taken in the light most favorable to Justrite. *Id.*

■ Copies of written instruments attached to the pleadings as exhibits are incorporated into the pleadings for purposes of Rule 12(c) motions. *Id.* As a general principle, when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations. *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.,* 927 F.2d 988, 991 (7th Cir.1991). However, in applying this rule it is necessary to consider why the documents were attached to the pleadings, who authored them, and their reliability. *Northern Ind. Gun & Outdoor Shows,* 163 F.3d at 455.

■ The owner of a patent may provide notice of the patent to possible infringers and other members of the public. 35 U.S.C. § 287. Further, patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith. However, a party violates the Lanham Act and the state tort laws under consideration in the present case if it asserts in the marketplace rights to patents and other intellectual property in bad faith. *See, e.g., Zenith Electronics Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1353–54 (Fed.Cir.1999); *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1336 (Fed.Cir.1998). Bad faith is determined on a case by case basis. *Zenith Electronics Corp.,* 182 F.3d at 1354. However, the communication of accurate information about patent rights, whether by direct notice to potential infringers or by a press release, does not support a finding of bad faith. *Mikohn Gaming Corp. v. Acres Gaming, Inc.,* 165 F.3d 891, 896 (Fed.Cir. 1998). Communication of information for a competitive commercial purpose is not improper, and bad faith is not supported

when the information is objectively accurate. *Id.* at 897.

The counterclaims to which DCI's motion to dismiss is directed are set forth in paragraphs 40–74 of Justrite's Answer and Counterclaims. The gravamen of the counterclaims is that DCI's letters to Justrite's customers contained false and misleading statements and, therefore, were distributed in the marketplace in bad faith. As a result, Justrite asserts that its Lanham Act counterclaim is not barred by federal patent law and its state tort law counterclaims are not preempted by federal patent law. Paragraph 51 of Justrite's pleading sets forth most of the facts on which Justrite's counterclaims rely:

> DCI made false or misleading statements of fact in its letter writing campaign directed at Justrite customers concerning the scope of the '355 patent and other unidentified intellectual property rights relative to DCI's product and Justrite's Smokers Cease–Fire cigarette receptacle. Upon information and belief, DCI made these statements in bad faith knowing or reasonably knowing that Justrite's Smokers Cease–Fire cigarette receptacle did not infringe the '355 patent or other unidentified intellectual property rights and with the intent of diverting sales of cigarette receptacles from Justrite to DCI. These statements include false or misleading statements creating an impression that Justrite's Smokers Cease–Fire cigarette receptacle infringes the '355 patent and/or creating an impression that DCI is the exclusive source of cigarette receptacles.

Justrite attached one of the letters to which it objects to its pleading, a letter to Sharpe Safety Supply, Inc., one of Justrite's customers. The letter provided as follows:

> Dear Sharpe Safety Supply, Inc:
>
> It has come to our attention that Sharpe Safety Supply, Inc. is presently selling and/or distributing products manufactured by Justrite Manufacturing Co., including the "Smokers Cease–Fire" cigarette receptacle.
>
> We would like to take this opportunity to inform you that DCI Marketing, Inc. manufactures and sells the SMOKERS' OUTPOST cigarette receptacle. DCI Marketing is the owner of several patents and other intellectual property rights relating to a wide variety of concepts and products such as the SMOKERS' OUTPOST, including U.S. Patent No. 6, 186, 355 titled "Collection Device for Smoking Debris," which issued on February 13, 2001. We have enclosed a copy of U.S. Patent No. 6, 186, 355 for your information and review.
>
> Please be aware that Justrite Manufacturing Co. has been informed of various intellectual property rights of DCI Marketing, Inc. including U.S. Patent No. 6, 186, 355.
>
> We have enclosed product information for the SMOKERS' OUTPOST cigarette receptacle manufactured by DCI Marketing. If you are interested in purchasing or distributing products such as our SMOKERS' OUTPOST cigarette receptacle, please do not hesitate to contact us.

(Def.'s Countercl.Ex. 4.)

▮ In assessing whether Justrite has alleged sufficient facts to support its allegation that DCI acted in bad faith, I first look at the text of the letters. In order to establish bad faith, Justrite must pass a "threshold showing of incorrectness or falsity, or disregard for either." *Mikohn Gaming Corp.*, 165 F.3d at 897. After reviewing the letters I conclude that Justrite has pleaded no facts from which an inference of bad faith could reasonably be drawn: Justrite does not allege that any of the specific statements in DCI's letter are

false. Thus, it fails to make the threshold showing of incorrectness or disregard for truth necessary to establish bad faith. Justrite argues that it has pleaded facts suggesting that DCI knew or should have known that Justrite's product did not infringe the '355 patent, and that DCI nevertheless falsely conveyed to Justrite's customers that Justrite did infringe. However, the letters in question do not state that Justrite's product infringed. Thus, Justrite's allegation that DCI asserted infringement knowing that Justrite did not infringe is devoid of factual support.

Justrite also claims that the statement in the letter that DCI "is the owner of several patents and other intellectual property rights" is a basis for inferring bad faith. Justrite does not dispute that DCI owns other intellectual property rights but argues that "DCI's intent in referencing, yet not identifying such other intellectual property rights was to create a cloud of infringement." (Def.'s Resp.Br. at 11.) However, once again, because DCI's statement was accurate, Justrite's allegation does not pass the threshold requirement that it show falsity.

Justrite points out that "bad faith" may encompass subjective as well as objective considerations. *See Zenith*, 182 F.3d at 1344 (quoting *Mikohn Gaming*, 165 F.3d at 897). It further argues that DCI's purpose in sending the letters was to harm Justrite in the market, and that the letters may have caused Justrite's customers to stop doing business with Justrite. I agree that subjective factors are relevant to the question of bad faith, and I have no doubt that DCI's purpose in sending the letters was not benign insofar as Justrite was concerned. Nevertheless, subjective factors cannot turn a document that is objectively accurate into bad faith.

Justrite argues that other behavior of DCI supports its bad faith claim. It asserts that after DCI put Justrite on notice

of the '355 patent and Justrite advised DCI that its product did not infringe, DCI improperly failed to respond to Justrite's explanation. However, DCI had no obligation to respond. Therefore, its failure to do so does not support a claim of bad faith.

In its surreply brief, Justrite reiterates the argument that its bad faith claim should survive because it alleges that DCI asserted infringement knowing it not to be the case. However, Justrite's counterclaim is based on the statements in DCI's letter. Justrite does not allege that DCI asserted infringement in another forum. And, as discussed, DCI's letter does not allege infringement and, thus, does not support a bad faith claim.

Justrite also suggests that DCI may have sent letters that were worded differently than Exhibit 4. However, this assertion is speculative and unsupported by any allegation of fact.

Justrite also argues that the fact that DCI named but did not serve C & H Distributors in its complaint is evidence of bad faith. However, this argument is based on material outside the pleadings not properly considered on a Rule 12(c) motion. Moreover, there is nothing suspect about a plaintiff's decision not to proceed against a party.

For the reasons stated, taking all facts in the light most favorable to Justrite, Justrite's counterclaims do not allege facts that support a finding of bad faith. Therefore, Justrite's Lanham Act counterclaim (count I) is barred by federal patent law, and its state law counterclaims (counts II, III, and IV) are preempted by federal patent law.

**THEREFORE, IT IS ORDERED** that Justrite's motion to file a surreply brief is **GRANTED.**

**IT IS FURTHER ORDERED** that DCI's motion for judgment on the plead-

ings is **GRANTED** and Justrite's counterclaims 1 through 4 are **DISMISSED.**